## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| MINI MELTS, INC. and THOMAS | § | |
| MOSEY, Individually, | § | |
|      Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:07-cv-069 |
| | § | |
| UNIWORLD CORPORATION WLL, | § | |
| MINI MELTS ICE-CREAM (INDIA) | § | |
| PVT. LTD.and ABDUS-SAMAD | § | |
| SAYA, Individually, | § | |
|      Defendants. | § | |

## MEMORANDUM OPINION & ORDER GRANTING
## DEFENDANTS' MOTION TO TRANSFER VENUE IN PART

Before the court are the "Defendants'/Counter-Plaintiffs' Motion to Transfer Venue" (de # 27) and

the Plaintiffs'/Counter-Defendants' Response (de # 31) thereto.  Having considered the Motion, the

arguments of the parties and the relevant legal principles, the court is of the opinion that the Motion should

be GRANTED IN PART and DENIED IN PART.  In their Motion, the Defendants ask the court to

transfer this civil action to either the United States District Court for the Southern District of Texas or, in

the alternative, to the United States District Court for the Southern District of Florida.  The court finds that

this case should be transferred to the Southern District of Florida.

## I.  BACKGROUND

This civil action arises out of a failed commercial relationship between the Plaintiffs, Mini Melts, Inc.

and its owner Thomas Moseley and the Defendants, Uniworld Corporation and its subsidiary Mini Melts

India and Abdus-Samad Saya.  Mini Melts, Inc. is a Florida corporation with its principal place of business

in Deerfield Beach, Florida.  Moseley is an individual domiciled in Mystic, Connecticut.  Uniworld

Corporation is organized under the laws of and has its principal place of business in the Kingdom of Bahrain. Mini Melts India is also a Bahraini corporation, and its principal place of business is in Mumbai, India. Saya is domiciled in the Kingdom of Bahrain.

The Defendants contracted with the Plaintiffs to purchase an ice cream machine and franchise to manufacture and sell ice cream. The machine arrived at the Defendants' location in India badly damaged. The Defendants claim that the machine is "worn out, rusted and inoperable." They further claim that the Plaintiffs fraudulently induced their assent to the parties' agreement. The Plaintiffs claim that the machine was damaged during shipment and that the Defendants' have breached that agreement in several ways.

The Plaintiffs filed this civil action seeking a declaratory judgment that they have not committed any fraud in connection with their transaction with the Defendants. The Plaintiffs have also asserted a breach of contract claim. The Defendants have answered the Plaintiffs' amended complaint and asserted counterclaims for breach of contract, fraud and fraud in the inducement. In their Motion to Transfer, the Defendants would have the court transfer this matter to the United States District Court for the Southern District of Texas, Houston Division or the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

## II. LEGAL STANDARD

Section 1404(a) allows district courts to transfer civil cases to any district in which the case could have originally been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a) (2006). Section 1404 is to be applied on an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). Once the court determines that the matter could have been originally brought before a potential transferee court, the court

considers factors relating to the interests of both the parties and the judiciary. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). As the plaintiff may choose among those forums available to him, the court must also take into account that choice. *See* note 1, *infra*.

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am. Inc. ("Volkswagen II")*, 506 F.3d 376, 380 (5th Cir. 2007) (internal quotation marks omitted), *reh'g granted at* 517 F.3d 785 (5th Cir. 2008).[1] The court must also weigh the public interest factors, which include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* (internal quotation marks omitted). In addition, the court must give appropriate deference to the Plaintiffs' choice of forum. *Id.*

### III. DISCUSSION & ANALYSIS

The court begins by addressing the Plaintiffs' argument that Section 1404(a) is inapplicable to this

---

[1] Oral argument before the Fifth Circuit, sitting *en banc* was heard on May 22, 2008. To date, the Fifth Circuit has not issued an opinion on rehearing in *Volkswagen II*. However, the public and private interest factors are well-settled, and the court does not anticipate those factors being amended. *Volkswagen II* clarified the weight given to the plaintiff's choice of forum in this Circuit. The plaintiffs' choice of forum is "entitled to deference," and the moving party must establish "good cause" for the transfer. *Volkswagen II*, 506 F.3d at 384. Prior opinions conflated the weight to be given to the plaintiff's choice of forum in the transfer context with that to be given it in the *forum non conveniens* context. *See id.* In the *forum non conveniens* context, dismissal is warranted only "in favor of a *substantially* more convenient alternative." *Id.* at 381. The court is of the opinion that application of either the current (and possibly short-lived) or former standard mandates the same result.

matter.  The Plaintiffs base their argument on the holding of *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706 (1972) that Section 1391(d) is "a declaration of the long-established rule that suits against aliens are wholly outside the operation of all the federal venue laws, general and special." *Id.* at 714.  Because all of the Defendants are aliens, they "may be sued in any district." 28 U.S.C. § 1391(d) (2006).

     *Brunette* was a patent infringement suit originally filed in the United States District Court for the District of Oregon.  *Id.* at 707.  The district court dismissed the complaint because it found that the general alien venue statute was controlled by the specific patent venue statute found at 28 U.S.C. § 1400(b).  *Id.* Affirming the Ninth Circuit's reversal, the Court concluded that Section 1391(d)'s broad grant of venue for suits against alien defendants was a "principle of broad and overriding application."  *Id.* at 714. Although specific venue provisions usually control general venue provisions, 14D C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3804, at 135 (3d ed. 2007), the Court determined that Section 1400(b) yielded to Section 1391(d).  Otherwise, federal courts would lack jurisdiction to entertain a wide range of lawsuits against aliens because specific venue statutes ordinarily establish venue by reference to the defendant's residence within a judicial district, and aliens are, by definition, residents of no judicial district.  *Brunette*, 406 U.S. at 709.

     The Plaintiffs' argument that *Brunette* renders Section 1404(a) impotent as against alien defendants has been accepted in at least one federal court.  *Brunswick Corp. v. Suzuki Motor Co.*, 575 F. Supp. 1412, 1425 (E.D. Wis. 1983).  The court finds *Brunswick* unpersuasive for at least two reasons.  First, the venue statutes are commonly understood to encompass specific venue statutes, which apply to certain causes of action, and general venue statutes, *i.e.*, Sections 1391-92, which apply to all other causes of

action. *See In re Fireman's Fund Ins.* Cos., 588 F.2d 93, 95 (5th Cir. 1979), *see also 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1053-54 (10th Cir. 2006); C. Wright, *et al*. § 3803, at 37-38. *Brunette* clarifies where alien defendants may be sued, namely "in any district," regardless of the claim alleged against them. § 1391(d). Section 1404(a) merely empowers district courts to transfer cases from one proper venue to another proper venue; unlike specific venue statutes, it cannot be read as a restriction on venue. *Brunette*'s holding that "suits against aliens are wholly outside the operation of all the federal venue laws" is based on Section 1400(b) being a restriction on venue in lawsuits commenced against aliens. It is inapplicable here.

Second, and perhaps more illustrative, many federal courts have considered Section 1404(a) transfer in cases where venue was proper under Section 1391(d), including the Beaumont Division of this court, *Conway v. Lenzing Aktiengesellschaft*, 222 F. Supp. 2d 833, 833-34 (E.D. Tex. 2002), and several courts that even cited *Brunswick*. *E.g.*, *Miller Pipeline Corp. v. British Gas*, 901 F. Supp. 1416 (S.D. Ind. 1995). Section 1404(a) applies to this civil action.

The court now turns to the parties' arguments regarding the relevant 1404(a) factors. The Defendants ground their Motion on Houston's easier access for international travelers and the Eastern District's lack of a connection to the underlying facts. The Plaintiffs' opposition to the Motion centers around their ties to the Dallas area, the location of Plaintiffs' counsel and the Plaintiffs' choice of forum.

*(1) The Relative Ease of Access to Sources of Proof*

Aside from the location of the ice cream machine at issue (which is located in Mumbai, India), the parties do not make clear where their expected sources of proof are located. Those other sources of proof are presumably located in some combination of Bahrain, India, Connecticut and Florida. The Defendants

argue that Houston's large shipping port makes Houston the most convenient forum for this lawsuit because the ice cream machine may need to be shipped to the United States so that it may be inspected. The Plaintiffs counter by arguing the machine could be damaged if it were shipped to Houston and that it might be wiser for the parties to inspect the machine in India if necessary. The parties do not describe the ice cream machine in much detail, so the court can only speculate as to the practical difficulties of transporting it. Should the parties need to ship it for inspection, Houston or Miami, Florida would be equally convenient. Whether the trial took place in Plano, Houston or Fort Lauderdale, the parties would have to get other sources of proof to the forum from vast distances. However, as the principal place of business for Mini Melts, Southern Florida is almost certainly home to many of the documents which will be presented to the finder of fact at trial. Therefore, this factor weighs slightly in favor of transfer to the Southern District of Florida.

*(2) The Availability of Compulsory Process to Secure the Attendance of Witnesses*

The parties do not state where their witnesses live, so it would be mere guesswork for the court to conclude that either this court or any potential transferee court is the most convenient in this regard. But because of the locations of the parties, some or all of the subpoenas issued to compel the attendance of witnesses by any of the possible forums for this trial would be subject to motions to quash. FED. R. CIV. P. 45(c)(3)(A)(ii); *In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201, 205 n.4 (5th Cir. 2004). This factor is neutral.

*(3) The Cost of Attendance for Willing Witnesses*

It is the cost to and convenience of key witnesses that is often considered the most important factor in a court's weighing of the Section 1404(a) factors. *Feliciano v. Texaco, Inc.*, 144 F. Supp. 2d 741,

742 (S.D. Tex. 2001). The Defendants only state that they will have witnesses from the Kingdom of Bahrain and India. Generally, however, the moving party must identify key witnesses and describe their expected testimony so that the court can properly evaluate its nature and quality. *Empty Barge Lines II, Inc. v. Fisher*, 441 F. Supp. 2d 786, 793 (E.D. Tex. 2006). That notwithstanding, Miami, Houston and Dallas are served by daily nonstop flights to and from every part of the United States. And each airport has virtually identical access to both Mumbai, India and the Kingdom of Bahrain. This court is about 24 miles from Dallas-Fort Worth International Airport. The Houston Division of the Southern District of Texas is about 22 miles from the George Bush Intercontinental Airport. The Fort Lauderdale Division of the Southern District of Florida is about 32 miles from Miami International Airport. There is little to distinguish any of the proposed forums when it comes to the travel needs of witnesses who may come to testify from across the country or from other parts of the world. This factor is neutral.

*(4)  Other Practical Problems and Considerations*

As discussed above, the Plaintiffs' choice of forum is "entitled to deference." *Volkswagen II*, 506 F.3d at 384. But the Plaintiffs' choice of forum is entitled to less deference because the Plaintiffs have sued outside of their respective home districts. *Empty Barge Lines*, 441 F. Supp. 2d at 797. The importance of this factor is further diminished in light of the fact that this district has no connection to the circumstances that give rise to this case, a fact conceded by the Plaintiffs in their brief. *Id*.

The Plaintiffs attempt to tie this lawsuit to the Eastern District of Texas in three ways. First, they rest on the fact that Plaintiffs' counsel works in this district. This factor is an impermissible consideration. *In re: Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). Second, the Plaintiffs point out that Mini Melts previously owned a sales facility in Tyler, Texas, which is located in this district. But that facility is

not alleged to have played any role in the current dispute.  Third, the Plaintiffs point to another lawsuit they currently have before this court.  That lawsuit, however, is before this court on its own merits, and there is no connection between that case and this one.

The Southern District of Florida is the principal place of business of Mini Melts.  Mini Melts is a Florida corporation.  Neither potential Texas forum is in any way linked to this lawsuit.  This lawsuit is, therefore, most naturally connected to the Southern District of Florida, Fort Lauderdale Division.  This factor weighs quite strongly in favor of transfer to the Southern District of Florida, Fort Lauderdale Division.

*(1) The Administrative Difficulties Flowing from Court Congestion*

The undersigned judge does not base transfer decisions on the relative workloads of this court and proposed transferee courts.  Therefore, this factor is neutral.

*(2) The Local Interest in Having Localized Interests Decided at Home*

As discussed above, the Eastern District of Texas is completely unrelated to this case, as is the Southern District of Texas.  It is difficult to imagine any interest on the part of the citizens of those districts in deciding this case.  "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Ray Mart, Inc. v. Stock Bldg. Supply of Tex., L.P.*, 435 F. Supp. 2d 578, 596 (E.D. Tex. 2006) (quoting *Gilbert*, 330 U.S. at 508-09 (1947)).  Mini Melts is based in the Southern District of Florida, giving the citizens of that district an interest in the direction of this case.  This factor thus weighs in favor of transfer to the Southern District of Florida.

*(3)  The Familiarity of the Forum With the Law That Will Govern the Case*

The Plaintiffs seek a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201,

*et seq.* All three courts at issue are equally well-equipped to confront the issues that may arise in adjudicating that claim. The parties also make various state law tort and contract claims and counterclaims, but neither party specifies the state law that should be applied to those claims. As Mini Melts is located in Florida it seems natural that Florida law would apply to at least some of the claims. Without additional details from the parties, however, such a conclusion is merely speculative. This factor is, therefore, neutral.

*(4) Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

There is nothing to indicate that this factor is anything but neutral.

### IV.  CONCLUSION

Based on the foregoing, the court finds that this matter should be transferred to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. The Eastern District of Texas is entirely unconnected to this lawsuit. Burdening its citizens with jury duty in this matter would be unjustified. The same can be said of the Southern District of Texas. Only one proposed forum for this lawsuit is home to one of the parties: the Southern District of Florida. Though the Plaintiffs' choice of forum is entitled to some deference, such is mitigated by their choice to sue away from home and in a district that is unrelated to this lawsuit. Houston, Plano and Fort Lauderdale are equally accessible for traveling witnesses, both domestic and foreign. The court is, therefore, of the opinion that the Defendants' Motion to Transfer Venue should be, and hereby is, GRANTED. This case is hereby transferred to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

IT IS SO ORDERED.

**SIGNED this the 24th day of September, 2008.**

Page 9 of 9   *Richard A. Schell*

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE