```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 08-61705-CIV-ZLOCH
```

MINI MELTS, INC., and
THOMAS MOSEY,

      Plaintiffs,

vs.                                              **O R D E R**

UNIWORLD CORPORATION WLL, MINI
MELTS ICE-CREAM (INDIA) PVT.
LTD., and ABDUS-SAMAD SAYA,

      Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiffs' Agreed Motion For Leave To Amend Complaint (DE 43) and Plaintiffs' Motion For Limited Appearance (DE 44).  The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

    By prior Order (DE 42) the Court dismissed the above-styled cause without prejudice because it lacked jurisdiction over the same.  By the filing of their Complaint (DE 1), Plaintiffs alleged that the Court could properly exercise jurisdiction over this action pursuant to its diversity jurisdiction.  28 U.S.C. § 1332.  The basis for the Court's prior Final Order of Dismissal (DE 42) was that the allegations necessary to establish the diversity of citizenship between the Parties was not apparent on the face of any pleading, including the Complaint (DE 1) and First Amended Complaint (DE 5).

    Plaintiffs filed the instant Agreed Motion For Leave To Amend

Complaint (DE 43) seeking to file their Second Amended Complaint. They reassert that the Court may properly exercise subject matter jurisdiction over this action because complete diversity of citizenship exists.  Their proposed Second Amended Complaint (DE 43, Ex. A) is attached and alleges that no Plaintiff is a citizen of the same state as any Defendant.  <u>See</u> DE 43, Ex. A, ¶¶ 3-7.

Plaintiffs have failed to argue that they suffered any prejudice by the Court's prior Final Order Of Dismissal (DE 42). They seek only to amend their Complaint, even though this action has already been dismissed by Final Order.  They have offered no grounds for granting this relief.  <u>See</u> Fed. R. Civ. P. 65(b). Thus, because no prejudice has been shown by the Court's prior Final Order of Dismissal (DE 42), the Court shall deny the instant Motion (DE 43).

In the alternative, and for the benefit of the Parties and any reviewing court, the Court will address Plaintiffs' instant Motion For Leave To Amend Complaint (DE 43) on the merits.  Plaintiffs argue that their failure to properly plead the allegations necessary to establish diversity should be considered a "technical jurisdictional defect" that needs correcting.  DE 43, p. 1.  The Court notes that it is a long standing presumption that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. <u>United States v. Rojas</u>, 429 F.3d 1317, 1320 (11th Cir. 2005),

citing <u>Turner v. Bank of N. Am.</u>, 4 U.S. 8, 10 (1799).  For this reason, facts showing the existence of jurisdiction must be affirmatively alleged in the complaint.  <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994); <u>see, e.g.,</u> 13B Wright, Miller & Cooper, <u>Federal Practice and Procedure</u>: Jurisdiction 2d § 3602 (2d ed. 1984).  Such requirements, while technical, are not technicalities. Wright & Miller, § 3602 ("[J]urisdiction cannot be conferred by the consent of the parties, nor can the requirements be waived by inaction; the court has a duty to determine on its own whether diversity of citizenship exists.") (footnotes omitted).

In Plaintiffs' proposed Second Amended Compliant (DE 43, Ex. A), they allege the Parties' citizenship as follows:

> 3. Plaintiff Mini Melts, Inc. ("Mini Melts") is a corporation organized and existing under the laws of the State of Florida, having its principal place of business at Mini Melts Plaza, 245 Asylum Street, Norwich, Connecticut 06360.
>
> 4. Plaintiff Thomas Mosey is a British Citizen and is an individual residing at 919 River Road, Mystic, Connecticut, 06355.
>
> 5. Defendant Uniworld Corporation WLL is a company organized an existing under the laws of the Kingdom of Bahrain, with its principal place of business at P.O. Box 30829, Budaiya, Kingdom of Bahrain. . . . .
>
> 6. On information and belief, Defendant Mini Melts Ice-Cream (India) Pvt. Ltd. is a company organized and existing under the laws of the Kingdom of Bahrain, with its principal palce of business at B-14, Kailas Complex, Hiranandani Link Road, Vikhroli (w), Mumbai-400079. India. . . . .
>
> 7. Defendant Abdus-Samad Saya is a citizen of Canada and Pakistan and is an individual residing in Budaiya,

  Kingdom of Bahrain . . . .

DE 43, Ex. A, ¶¶ 3-7.  It is clear that the Court would not have subject matter jurisdiction over this action even as alleged in the proposed Second Amended Complaint.  "It is a standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign [parties] on both sides of the action, without the presence of citizens of a state on both sides." <u>Iraola & CIA, S.A. v. Kimberly-Clark Corp., J.N.,</u> 232 F.3d 854, 860 (11th Cir. 2000).[1]  Thus, while the Court's prior Final Order of Dismissal (DE 42) may have appeared to some to be mere form over substance, Plaintiffs have demonstrated that the Court truly lacks the power to try this case.

  In denying Plaintiffs' instant Motion For Leave To Amend Complaint (DE 43), the Court reiterates the recently stated sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction?  Does it really matter if federal courts decide on the merits cases that they are not actually

---

[1] Defendants raised a counterclaim in their Answer, but the Court is unable to exercise jurisdiction over the same because it lacks any independent jurisdictional allegations. <u>See</u> DE 14, ¶ 14 ("The conduct giving rise to this counterclaim arises from the same transaction or occurrence alleged in Plaintiffs/Counter-Plaintiffs' [sic] First Amended Complaint For Declaratory Judgment and the relief requested does not exceed the jurisdictional limits of this Court.").

4

>      authorized to decide?  The sky will not fall if federal
>      courts occasionally stray outside the proper bounds.  But
>      the fact that limits on subject-matter jurisdiction are
>      not waivable or forfeitable - that federal courts are
>      required to police their jurisdiction - imposes a duty of
>      care that we are not at liberty to shirk.  And since we
>      are not investigative bodies, we need and must assure
>      compliance with procedures designed to compel parties to
>      federal litigation to assist us in keeping within bounds.
>      Hence [it is] . . . the responsibility of lawyers who
>      practice in the federal courts, even if only
>      occasionally, to familiarize themselves with the
>      principles of federal jurisdiction.

Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir. 2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Agreed Motion For Leave To Amend Complaint (DE 43) be and the same is hereby **DENIED**; and

2. Plaintiffs' Motion For Limited Appearance (DE 44) be and the same is hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   8th   day of December, 2008.

/s/ William J. Zloch
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record